CHAS. HORN AND W. LONG v. THE NEWTON CITY BANK.

1. PROMISSORY NOTE—*Material Alteration.* The material alteration of a promissory note avoids the note as to the maker not consenting thereto, even in the hands of a *bona fide* holder.

2. PROMISSORY NOTE—*One Maker, When Released.* If a promissory note be altered by substituting another payee for the original payee with the knowledge and consent of one of the makers, but without the knowledge or consent of the other maker, such material alteration releases from all liability the maker not consenting.

3. MATERIAL ALTERATION OF NOTE—*Release of One Maker.* Where a note given for a threshing machine jointly owned by H. and L. was executed in the individual names of H. and L., and H. and L. are in partnership in the operation of the machine—dividing the profits and losses equally—and while such relation exists the payee in the note is altered by substituting the name of O. for the original payee, and the alteration is made with the knowledge and consent of H., but without the knowledge or consent of L., *held*, as H. and L. are not in a trading or commercial partnership, H. had no authority to make the material alteration in the note so as to bind L., and such material alteration being made without the consent of L., releases him from all liability upon it.

*Error from Harvey District Court.*

JANUARY 14, 1882, *The Newton City Bank* filed in the district court of Harvey county the following petition, (omitting court and title:)

"The plaintiff above named, the Newton City Bank, a corporation duly and regularly incorporated under and by virtue of the laws of the state of Kansas, providing for the incorporation of savings banks, complains of the defendants, and says: That on the 24th day of June, 1881, the defendants, Charles Horn and W. Long, executed and delivered to said defendant, O. B. Hildreth, their negotiable promissory note, in the sum of $214, bearing interest at the rate of ten per cent., due January 1, 1882; that before the maturity thereof, said O. B. Hildreth, for a valuable consideration, sold and delivered said note to the plaintiff herein, and indorsed the same as follows: 'Protest waived.—O. B. HILDRETH;' and that this plaintiff is the owner of said note. Plaintiff further says that said note is now due and has not been paid, by either of the makers or indorser, although each has been requested to pay

the same; that a copy of said note is hereto attached, marked exhibit "A" and made a part hereof, and all credits and indorsements thereon.

"Plaintiff therefore prays judgment against said defendants for said sum of $214, and interest thereon at ten per cent. from June 24, 1881, and costs."

"EXHIBIT A.

"$214.                                    BURRTON, KAS., June 24, 1881.

"On or before the first day of January, 1882, for value received, we, the undersigned, of Burrton post office, county of Harvey, state of Kansas, promise to pay to O. B. Hildreth or order, two hundred and fourteen dollars, at the office of G. A. Vandevier, banker, Burrton, Ks., with interest at the rate of ten per cent. per annum."

Thereafter the defendants, Chas. Horn and W. Long, filed an answer, the third defense of which is as follows:

"And defendants say that the note sued on in this action was originally executed by them to H. A. Pitts' Sons Manufacturing Company; but that since its execution by them the same has been altered and so changed as to make it payable to O. B. Hildreth; that said change was made without the knowledge or consent of these defendants, and is in fraud of their rights, and was so changed and assigned to the plaintiff for the purpose of preventing them from pleading thereto a failure of consideration and other equitable defenses existing against said note in favor of these defendants; that by reason of said change, which is material and fraudulent upon the rights of these defendants, said note has become and is absolutely void."

The reply filed to this defense is:

"The plaintiff, for a second and further reply thereto, says, that at the time of the execution and delivery of said note, and for a long time thereafter, the defendants herein, Chas. Horn and W. Long, were partners, and as such partners they executed and delivered said note; that said note was originally executed payable to the H. A. Pitts' Sons Manufacturing Company, and delivered to O. B. Hildreth; that after this execution and delivery of said note, and while said Long and Horn were such partners as aforesaid, Long, on behalf of and representing said partners and the makers of said note, authorized O. B. Hildreth to so alter said note as to make the said O. B. Hildreth the payee instead of H. A. Pitts' Sons Manufacturing Company; that said note was executed and delivered within the scope of the partnership business, and at the

time of the alteration and change as aforesaid said O. B. Hildreth was the owner of said note, and this fact was known to both Horn and Long; that after the change in said note, and before the plaintiff herein became the owner, and before the maturity of said note, the defendant herein, W. Long, was informed of such change being made, and consented to and ratified the same."

Trial on the 28th day of April, 1883, at an adjourned term of the March Term for 1883. A jury was waived, and the case submitted to the court. The defendants requested the court to state fully in its findings of fact all the issues involved, except the failure of the consideration of the note, upon which no evidence was offered, and also its conclusions of law. The court, after hearing the evidence and arguments of counsel, made the following findings of fact:

"1. The note for $214 sued on in this action was signed by Chas. Horn and W. Long in their individual names, and given to H. A. Pitts' Sons Mfg. Co.

"2. Said note was given for a threshing machine jointly owned by them, and with the intention of running said machine by them for the profits, and dividing the profits or losses equally.

"3. Said note was afterward and while this relation between the parties continued, altered by substituting the name of O. B. Hildreth for the original payee.

"4. Said alteration was made with the knowledge and consent of said defendant Chas. Horn, but without the knowledge or consent of defendant W. Long.

"5. No partnership or firm-name was adopted by said Horn & Long.

"6. Said note was transferred for value to plaintiff, by said Hildreth before maturity.

"7. The original payee of said note, H. A. Pitts' Sons Mfg. Co., authorized said Hildreth to have his name substituted for its name.

"8. Said W. Long did not at any time consent to or ratify said change of payee."

And thereon the court made the following conclusions of law:

"1. There was a partnership between Horn and Long for the purpose of doing the business of threshing grain for the public.

"2. As one of the partners, Horn had a right to authorize a change of payee of said note, and Long was bound thereby.

"3. The alteration of the note in question by changing the name of the payee, did not release Long.

"4. There is due to the plaintiff $214 from defendants Chas. Horn and W. Long, with ten per cent. interest from June 24, 1881."

The court rendered judgment for $253.48 against the defendants. They allege error, and bring the case here.

*J. W. Ady*, for plaintiffs in error.

*Greene & Shaver*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is the contention of Long, one of the plaintiffs in error — a defendant below — that there had been a material alteration in the note sued on without his consent, thereby releasing him from all liability upon it. The note was originally drawn payable to "H. A. Pitts' Sons Manufacturing Company," and after having been given to that company it was altered by substituting the name of "O. B. Hildreth" for the original payee. This alteration was made without the knowledge or consent of Long, and he has never consented to or ratified the same. Within all the authorities, the substitution of O. B. Hildreth in the place of the original payee was a change of the personality of one of the parties to the note, and therefore a material alteration. (*Bank v. Hall*, 1 Halst. N. J. L. 215; *Stoddard v. Penniman*, 108 Mass. 366; *Draper v. Wood*, 112 id. 315; 17 Am. Rep. pp. 92, 106; 2 Daniel on Negotiable Instruments, §§ 1387–1390.)

If Horn and Long had been associated together in a trading partnership, then either member of the firm might have bound his copartner by executing a promissory note in the name and on behalf of the firm, in any transaction pertaining to their partnership business. We suppose that under such circumstances, the material alteration of a note executed by the firm, with the knowledge and consent of one partner, would bind his copartner, if the note had been given within the

apparent scope of the business of the firm, as it is a general principle relating to trading partnerships that each partner is the lawful agent in the partnership in all matters within the scope of the business. ( *Deitz v. Regnier*, 27 Kas. 94.)

A non-trading partnership, however, is controlled by rules differing from those controlling a commercial or trading one. (*Deitz v. Regnier*, supra.) Under the findings of the court, Horn and Long were partners only in the running of a threshing machine, and such a partnership is one of occupation or employment only. It is not a commercial or trading partnership. There was joint ownership between Horn and Long in the threshing machine, and there was a copartnership between them in the matter of operating the machine, with the intention of dividing the profits and losses equally; but yet their business did not require the execution of negotiable paper as the proper, convenient and usual mode of conducting it. In a partnership to operate a threshing machine there does not exist the implied power in the several members to make promissory notes, and thereby bind the firm. Whoever deals with an individual jointly interested with another in the operation of a threshing machine must, at his peril, inform himself of the nature of the partnership. The note in suit was signed by the makers in their individual names, and not as a firm. Therefore, upon the face of the note one of the makers thereof had no right to bind the other without his consent to any material alteration. Horn had no authority to make a promissory note in the name of the firm or to bind Long, unless the latter had been previously consulted and consented to the transaction. ( *Lanier v. McCabe*, 2 Fla. 32; *Prince v. Crawford*, 50 Miss. 344; *Crossthwait v. Ross*, 1 Humph. [Tenn.] 23; *Smith v. Sloane*, 37 Wis. 285; 19 Am. Rep. 757; *Deardorf v. Thatcher*, 78 Mo. 128; 1 Daniel on Negotiable Instruments, §§ 355–358.) If he had not the authority to make promissory notes and draw bills of exchange and thereby bind the firm, he had no right to authorize a change of payee in the note executed by him and Long so as to bind Long thereby.

The material alteration of a note with the consent of a maker is virtually making a new note and ante-dating it.

We therefore conclude that the material alteration of the note in question released Long. (*Broughton v. Fuller*, 9 Vt. 373.) That the bank purchased the note before maturity, for a valuable consideration, and is therefore a *bona fide* holder of the note, does not prevent Long from asserting the material alteration of the note as a defense. (*Wait v. Pomeroy*, 20 Mich. 425; *Benedict v. Cowden*, 49 N. Y. 396; *Bank v. Stowell*, 123 Mass. 196; 2 Daniel on Neg. Instr., §§ 1410–1413.)

We have examined the question of practice presented by the briefs, but think the exceptions noted sufficient. The issue formed by the pleadings was submitted to the court, with a request that the court find the facts, specifically, and state its conclusions of law thereon. This was done. The defendants below objected to the rendition of the judgment against them, or either of them, upon the ground that the findings were not sufficient to support or authorize any judgment. This objection was overruled, and exceptions taken. The exceptions were, substantially, to the decision of the court upon matters of law, as set forth in its written findings. No motion for a new trial was necessary to present the inquiry whether the findings of fact supported the judgment. Whether the judgment is authorized and sustained by the special findings is not involved in the determination of the motion for a new trial. (*Hover v. Cockins*, 17 Kas. 518; *Osborne v. Young*, 28 id. 769.)

The judgment against Long will be reversed, and the cause remanded, with direction to the court below to render judgment in his favor upon the findings of fact.

All the Justices concurring.