## NELSON IRWIN v. ELIZA JANE IRWIN.

JUROR—*Challenge to Talesman.* Under the Statutes of 1890 it was not a ground for a challenge for cause to a juror that he had already served as talesman upon the trial of a cause during the same term of court.

*Error from the District Court of Payne County.*

The plaintiff in error brought his action in replevin in the district court of Payne county to recover a span of mules, a wagon and a set of harness, of which he alleged he was the owner, and that the same were unlawfully detained from his possession by the defendant. On the trial before the court and a jury a verdict was given for the defendant, upon which judgment was rendered against the plaintiff, and from which the plaintiff now appeals.

*Geo. P. Uhl,* for plaintiff in error.

*W. W. Williams* and *Robert A. Lowry,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: Error is assigned because the court below overruled the plaintiff in error's challenges for cause preferred to the three jurrors, Ed. Strange,

C. E. Merman and John Barnes. The record shows that these jurors were called by the sheriff as talesmen, and that, upon their examination, they answered that they had already served as talesmen upon the trial of a cause at the same term of the court at which this action was tried. The court overruled the challenges to these jurors, and it is claimed by plaintiff in error that this action was erroneous, because § 4160 of the laws of 1893 makes it a good cause for a challenge to a juror that he has "served once already on a jury, as a talesman on the trial of any cause, in the same court, during the term."

The objection to the jurors would have been good if the cause had been tried under the 1893 code, but this action was brought on the 22d day of February, 1893, and therefore was properly tried under the statute of 1890, and that statute does not give a challenge for cause on account of a juror having already served as talesman on the trial of a cause during the same term of court. The challenge was therefore properly overruled. The plaintiff in error makes, in a general way, several other objections to the trial in the court below, such as the excluding of proper evidence, the admitting of improper evidence, and that plaintiff in error was not allowed to prove all the facts of his case, and that the instructions were misleading. These matters are not specifically pointed out, excepting to suggest that they appear on various pages of the record, given by number. We have examined the entire record and do not observe any error of the court below in the respects suggested. There being no error in the record, the judgment of the court below is affirmed with costs to the plaintiff in error.

Dale, C. J., not sitting; all the other Justices concurring.