656     SCHNITZLER V. GREEN, *Constable.*

S. Dept.          Opinion.  Dennison, P. J.          5 Kan. App.

---

HENRY SCHNITZLER v. GEORGE M. GREEN, *as Constable*, AND J. H. FORBY.

No. 682.

1. APPELLATE PROCEDURE—*motion for new trial not necessary when case tried on agreed statement of facts.* Where a case is submitted to the trial court upon the pleadings and an agreed statement of facts, no motion for a new trial is necessary to procure a determination by this court of the correctness of the conclusions of law and the judgment rendered thereon in the court below.

2. ——— *agreed statement of facts eliminates everything but issues of law.* The agreed statement of facts eliminates all issues of fact from the case. It supersedes the averments of the pleadings, setting aside those which are untrue, and recites the facts upon which the issues of law must be based, and the court could err only in rendering judgment for the wrong party.

3. ——— *transcript cannot be attached and filed after one year.* A transcript cannot be attached to, and filed with, the petition in error when more than one year has elapsed since the rendition of the judgment or order complained of.

Error from Sedgwick District Court.   Hon. C. Reed, Judge.   Opinion filed March 5, 1897.   *Dismissed.*

*O. G. Eckstein,* and *Kos Harris,* for plaintiff in error.
*J. V. Daugherty,* for defendants in error.

DENNISON, P. J.   This case is before the court upon a motion to dismiss, for the reason that no valid case-

made or transcript of the record is attached to the petition in error.

The case was submitted to the court below upon the pleadings and agreed statement of facts, and judgment rendered thereon for the defendants in error, on December 31, 1895. The plaintiff in error filed a motion for a new trial on January 2, 1896, which motion was heard and overruled on January 4, 1896, and time was given the plaintiff in error to make and serve a case.

The defendants in error contend: *First*, that no motion for a new trial was necessary; *second*, that the filing of an unnecessary motion would not extend the time within which a case-made must be made and served; *third*, that, as four days had elapsed from the time the judgment was rendered before an extension of time was granted, and no case-made had been made and served within three days from the rendition of the judgment, the judge had lost jurisdiction to so extend the time for making and serving a case-made. In each one of these contentions the defendants in error are correct. The second and third propositions have been decided so often by the Supreme and Appellate Courts of Kansas, that no comment upon them is necessary. The first proposition is also settled by the decisions of our Supreme Court, but is not so well understood by the attorneys of the State as the other propositions. We presume that from abundance of caution the practice has been to file a motion for a new trial in nearly all cases, until it has become a settled conviction with many, that it is necessary to do so. We will briefly present some of the reasons why a motion for a new trial is not necessary when a case is submit-

1. Motion for new trial unnecessary, when.

658    SCHNITZLER v. GREEN, *Constable*.

S. Dept.         Opinion.    Dennison, P. J.         5 Kan. App.

ted to the court upon the pleadings and an agreed statement of facts.

The agreed statement of facts eliminates all issues of fact from the case. It supersedes the averments of the pleadings, setting aside those which are untrue, and recites the facts upon which the issues of law must be based. Suppose no motion for a new trial had been filed; could the errors complained of have been reviewed? If so, then a motion for a new trial is clearly unnecessary. Of course no objections were made to the pleadings or the agreed statement of facts, and no exceptions were saved as to any ruling thereon. The only objection or exception was to the conclusions of law and judgment of the court. The parties in effect say to the court, "These are the facts; apply the law to them and render judgment accordingly." They now ask us to reverse that judgment, and we can only do so if we find that the judgment is not authorized and upheld by the agreed statement of facts. The only error the court below could commit would be to render judgment for one party, when the law would require it to render judgment for the other party. To review this error no objection, exception or motion for a new trial would be necessary. In the case of *Horn v. Newton City Bank* (32 Kan. 523), Chief Justice Horton, in delivering the opinion of the court, says:

"No motion for a new trial was necessary to present the inquiry whether the findings of fact supported the judgment. Whether the judgment is authorized and sustained by the special finding is not involved in the determination of a motion for a new trial."

If no motion for a new trial is necessary to determine whether the judgment is supported by the find-

Schnitzler v. Green, *Constable.*        659

March 5, 1897.      Opinion.   Dennison, P. J.        C. Div.

3. Issues of fact eliminated, when. ings of fact made by the court upon the evidence introduced, surely no motion for a new trial is necessary to determine whether the judgment is supported by the agreed statement of facts made by the parties.

This doctrine is clearly laid down in *Ritchie v. K. N. & D. Rly. Co.* (55 Kan. 36). The first and second paragraphs of the syllabus read as follows :

" 1.  In order to review the decision of a district court in determining an issue of law a motion for a new trial is not necessary.   Section 306 of the Code of Civil Procedure defines a new trial as a re-examination of an issue of fact.

" 2.  An issue of law may arise either on the pleadings, an agreed statement of facts, the report of a referee, special verdict of a jury or findings of fact by the court ; and where no issue of fact is raised, or where all issues of fact have been tried and determined, issues of law alone remain, and a decision of a trial court thereon can be reviewed here without a motion for a new trial having been filed below."

The attorneys for the plaintiff in error ask to be permitted to withdraw the record from the court to have it certified by the clerk of the court below as a transcript of the record, and cite *Pierce v. Myers* (28 Kan. 364) in support of their right to do so.   In *Pierce v. Myers* the record was withdrawn with the consent of one of the justices for the purpose of attesting and authenticating the case-made.   In the case at bar, the case-made is properly attested and authenticated.   The objection to it is that it was not served in time and is invalid.

Can the plaintiff in error be permitted to now file a transcript with the petition in error?   To take the case-made and transform the records contained therein into a transcript, could give them no more force and effect than to file a new transcript at this time.   Upon

**3. Transcript not filed after one year.** the question as to whether a transcript can be added to the petition in error when more than one year has elapsed after the rendition of the judgment or order complained of, we think there can be no doubt. Sections 546 and 546a of the Code provide that the plaintiff in error shall *attach to* and *file with* the petition in error the case-made or a transcript of the record. No proceeding in error can be commenced without the filing of such a petition in error as is required by the statutes. In this case, the case-made filed with the petition in error is invalid because it was not settled within the statutory time. More than one year has elapsed since the rendition of the judgment or order complained of, hence, under section 556 of the Code, no proceeding to reverse or modify or vacate the same can be commenced. The motion to grant permission to attach the certificate of the clerk of the district court to the case-made is overruled. The motion to dismiss is sustained, and the case is hereby ordered dismissed.