GEORGE M. NOBLE v. NATHAN HARTER.
#### No. 117.

1. AGREED STATEMENT OF FACTS—*admissions in this case held to be.* Where a case is submitted to the trial court upon an agreed statement of facts, a motion for a new trial is unnecessary and the court does not err in overruling such motion. When the parties to an action agree to *admit* all the facts upon which they desire to have the case submitted to the court, they have agreed upon what the facts in the case are; and when such facts are communicated to the court for the purpose of having it draw conclusions of law therefrom and to render judgment thereon, they become an agreed statement of facts.

2. PETITION IN ERROR—*Beck v. Baden (3 Kan. App. 157) followed as to requirements of.* The case of *Beck v. Baden* (3 Kan. App. 157) followed as to the requirements of a petition in error.

Error from Stafford District Court. Hon. J. H. Bailey, Judge. Opinion filed July 29, 1897. *Affirmed.*

*Fuller & Whitcomb,* for plaintiff in error.

*J. W. Rose,* for defendant in error.

DENNISON, P. J. This action was brought in the District Court of Stafford County, Kansas, by George M. Noble to recover the possession of a quantity of wheat from the defendant, Nathan Harter.

The case was tried by the court without a jury, upon an agreed statement of facts, and the court found that the defendant was in the possession of the wheat and that he was entitled to the possession of it, and rendered judgment accordingly.

The case is brought to this court by the plaintiff upon a petition in error and case-made, asking us to review some of the proceedings of the District Court.

The petition in error complains of the court below, as follows : "*First,* that said court erred in overruling this plaintiff in error's motion for a new trial ; *second,* that said court erred in rendering judgment on behalf

of said defendant in error, Nathan Harter ; *third*, that said court erred in rendering judgment declaring that the said Nathan Harter was entitled to the possession of the personal property in said action.''

The trial court does not err in overruling a motion for a new trial in a case which is submitted to it upon an agreed statement of facts. Such a motion is superfluous. *Schnitzler v. Green*, 5 Kan. App. 656, 47 Pac. Rep. 990.

The record recites that the case is submitted to the trial court upon an agreed statement of facts and admissions. Each fact is introduced in the following manner : '' It is admitted by the parties to this action,'' '' It is admitted,'' '' It is further admitted,'' and so on. The defendant's counsel says that because of this introduction the agreed statement of facts must be absent from the record. Where the parties to an action agree to *admit* all the facts upon which they desire to have the case submitted to the court, they have agreed upon what the facts in the case are ; and when such facts are communicated to the court for the purpose of having it draw conclusions of law therefrom and to render judgment thereon, they become an agreed statement of facts.

The other specifications of error are that the court erred in rendering judgment in favor of Nathan Harter.

The plaintiff does not complain that the court erred in its conclusions of law, or that the judgment is contrary to the evidence or not sustained by the agreed statement of facts. Following the decision of this court in *Beck v. Baden* (3 Kan. App. 157), and the cases therein cited, we must decide that there is no allegation of error set forth in the petition in error that appears upon the record.

The judgment of the District Court is affirmed.