Board of County Commissioners of Garfield County v. Charles V. Porter *et al.*

(Filed September 5, 1907.)

(92 Pac. 152.)

**WRIT OF ERROR—Case-Made—Time of Service.** A party desiring to appeal has three days by statute in which to serve a case after a judgment or order is entered, and unless such case is served within that time, or within an extension of time allowed by the court or judge within such time, the case will not be considered in this court.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

Dismissed.

*Daniel Huett, County Attorney,* for plaintiff in error.

*R. L. Denton,* for defendant in error.

Opinion of the court by

Burford, C. J.: The defendant in error, Porter, served two terms as sheriff of Garfield county. The other defendants in error were sureties on his official bond. The board of county commissioners allowed and paid him for transporting prisoners to the penitentiary, and for transporting insane persons. This is an action to recover the moneys so illegally allowed and paid. The defendants in error pleaded the settlements with the county board as an estoppel. The district court heard the case upon an agreed statement of facts and gave judgment for the defendants in error, upon the grounds that the settlements with the county board were conclusive unless set aside for fraud. The county now appeals.

The questions involved are of great public import and ought to be determined. But we are met with the objection that there is no sufficient record in this court upon which it can entertain jurisdiction. The case is here upon what purports to be a case-

made, but it is insisted by the defendants in error that it was never properly served. The statute provides (Wilson's Rev. & Ann. St. 1903 §4741) : "The case so made or a copy thereof shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing and present the same to the party making the case or his attorney. * * * " Section 4742 : "The court or judge may, upon good cause shown, extend the time for making a case and the time in which the case may be served." It follows from these provisions that the party desiring to have a judgment or order reviewed by the supreme court must prepare and serve his case upon the opposite party within three days after the judgment or order is entered, unless the court for good cause has extended the time, and an extension of time must be granted within the original time fixed by law or as extended by the court or judge. The court has no power to grant an extension of time to serve a case after the expiration of the time allowed by statute, unless within that time an extension has been given which has not expired. A case served after the time for serving same has elapsed is of no validity. *Abel v. Blair*, 3 Okla. 399, 41 Pac. 342; *Polson v. Pursell et al.*, 4 Okla. 93, 46 Pac. 578; *Horner v. Christy*, 4 Okla. 553, 46 Pac. 561; *Segman v. Poole*, 5 Okla. 677, 49 Pac. 944. The judgment was entered on April 28, 1906, and no extension was given for the making and serving of a case. On the same day a motion for new trial was filed, which was overruled on May 8, 1906. At this time plaintiff in error requested an extension of time in which to serve a case, but there is no order in the record granting this request or extending the time. The case was submitted upon the pleadings and an agreed statement of facts. There was no necessity for a motion for new trial. The case went to the court upon a question of law, the facts being settled by stipulation, and the overruling of the motion for new trial saved no question for review, and, even had an extension been given at the time the motion for new trial was overruled, it would be unavailing in this character of a case. *Doorley v. Buford & George Co.*, 5

Okla 594, 49 Pac. 936; *Horn v. Newton State Bank*, 32 Kan. 523. 4 Pac. 1022; *Richie et al. v. K. N. & D Ry.*, 55 Kan. 36, 39 Pac. 718; *Schmetzler v. Green et al.*, 5 Kan. App. 656, 47 Pac. 996; *Nollie v. Harter*, 6 Kan. App. 823, 49 Pac. 794. In this last case it is said: "Where a case is submitted to the trial court upon an agreed statement of facts, a motion for a new trial is unnecessary and the court does not err in overruling such motion. When the parties to an action agree to admit all the facts upon which they desire to have the case submitted to the court, they have agreed upon what the facts in the case are; and, when such facts are communicated to the court for the purpose of having it draw conclusions of law thereon, they become an agreed statement of facts." The case-made attached to the petition in error is no part of the record; it was not served within proper time, and cannot be considered. The case could have been brought up on a transcript. The pleadings, the agreed statement of facts, and the judgment are all parts of the record, but there is no proper certificate of the clerk authenticating the copies incorporated into the case.

The appeal is dismissed, at the costs of plaintiff in error.

Irwin, J., absent; all the other Justices concurring.