## ST. LOUIS & S. F. R. CO. v. NELSON, *Admx.*

No. 5581.    Opinion Filed November 18, 1913.

(136 Pac. 590.)

1. **APPEAL AND ERROR**—Presentation Below—Motion for New Trial. Where a case is submitted to a trial court upon agreed statement of facts, a motion for new trial is unnecessary to enable this court on appeal to review the judgment rendered upon such agreed statement of facts.

2. **SAME**—Time for Appeal—Extension. Where a motion for new trial is unnecessary to enable this court to review the action of the trial court in rendering a judgment, the filing of such motion and decision thereon by the court is ineffectual for the purpose of extending the time within which to perfect an appeal; and the time begins to run from the rendition of the judgment complained of, and not from the order overruling the motion for new trial.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*Frank Mathews, Judge.*

Action by Fay Nelson, as administratrix of the estate of Gertrude Nelson, deceased, against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Dismissed.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*Guy P. Horton,* for defendant in error.

HAYES, C. J. On the 12th day of March, 1912, defendant in error, as administratrix of the estate of Gertrude Nelson, deceased, filed a supplemental petition in the district court of Jackson county for the purpose of reviving a certain judgment recovered in that court on the 1st day of January, 1908, by Gertrude Nelson against plaintiff in error for the sum of $3,000. After answer had been filed by plaintiff in error, the parties entered into a stipulation as to the facts, which was reduced to writing and filed with the clerk of the court. Upon the case being reached for trial, both parties waived a jury, and the cause was tried upon the facts agreed to in said stipulation; and the court, on the 28th day of September, 1912, rendered judgment reviving the judgment as prayed for by defendant in error in her petition. On the same date plaintiff in error filed a motion for a new trial, which was overruled on June 23, 1913. Upon the last-mentioned date an extension of 90 days was granted to plaintiff in error within which to make and serve case-made. The case-made was afterwards served and settled, and plaintiff in error's petition in error, with case-made attached, was filed in this court on the 15th day of September, 1913, which was within six months from the date on which the motion for new trial was overruled, but more than six months had expired after the rendition of the judgment before the motion for new trial was overruled. During this time an act of the Legislature, approved February 14, 1911 (page 35, Sess. Laws 1910-11) was in force, by which one who seeks to reverse a judgment or final order of any court is required to com-

mence his proceeding in error in this court within six months from the rendition of the judgment or final order complained of.

By previous decisions of this court, it has been determined that where a motion for new trial is unnecessary to present to this court for review the matters complained of in the petition in error, the filing of such motion and decision thereon by the court is ineffectual for the purpose of extending the time within which to perfect an appeal; and the time begins to run from the rendition of the judgment appealed from, and not from the order overruling the motion for new trial. *Manes v. Hoss,* 28 Okla. 489, 114 Pac. 698; *Healy v. Davis,* 32 Okla. 296, 122 Pac. 157.

That a motion for new trial is unnecessary to enable this court to review a judgment of the trial court rendered upon an agreed statement of facts was settled by *Board of Co. Com. of Garfield Co. v. Porter et al.,* 19 Okla. 173, 92 Pac. 152. It therefore follows that this appeal, in order to have been perfected within the time prescribed by the statute, should have been commenced in this court within six months from the time the judgment was rendered upon the agreed statement of facts; and, since it was not commenced within that time, this court is without jurisdiction to review the judgment complained of; and the appeal should be, and is, dismissed.

All the Justices concur.