# CHICAGO, R. I. & P. RY. CO. v. CITY OF SHAWNEE.

No. 3051.   Opinion Filed November 18, 1913.

(136 Pac. 591.)

1.  **APPEAL AND ERROR**—Time for Appeal—Unauthorized Motion for New Trial.  Where case is tried upon an agreed statement, which eliminates all questions of fact, a motion for new trial is unauthorized by statute; and the time for making and serving a case for this court runs from the date of the judgment, unaffected by such motion or the order overruling the same.

2.  **SAME**—Extension.  An order made extending the time and a case-made served in accord therewith after the expiration of the time specifically given by statute, in which to make and serve a case, are nullities; and a petition in error with such case-made attached gives this court no jurisdiction.

(Syllabus by Thacker, C.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by the City of Shawnee against the Chicago, Rock Island & Pacific Railway Company.  Judgment for plaintiff, and defendant brings error.  Dismissed.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*W. T. Williams, E. E. Hood,* and *W. M. Engart,* for defendant in error.

Opinion by THACKER, C.  This case was tried upon an agreed statement of facts, judgment was entered on August 19, 1911, motion for new trial was filed on August 22, 1911, and on September 2, 1911, the motion for new trial was over-ruled and an order entered purporting to extend the time in which case for this court might be made and served to September 7, 1911.  On September 6, 1911, case-made was served, settled, and signed; and the jurisdiction of this court depends upon whether this order of September 2, 1911, was within the three days specifically allowed by statute (section 4444, St. Okla. 1893, now changed by section 5242, Rev. Laws 1910, to 15 days) within which a case might be made and served; and this question, in turn, depends upon whether the appeal should have been from the judgment or from the order overruling the motion for new trial, which, in turn, depends upon whether a motion for new trial is authorized by the statute when all questions of fact have been eliminated by agreed statement of facts

These questions seem to be definitely settled by the decisions of this court; and it thus appears:  (1) That a motion for new trial is unauthorized in such cases, and the appeal should have been from the judgment (*Board of County Commissioners of Garfield County v. Porter et al.*, 19 Okla. 173, 92 Pac. 152; *Schnitzler v. Green*, 5 Kan. App. 656, 47 Pac. 990; *Ritchie et al. v. Kansas N. & D. Ry.*, 55 Kan. 36, 39 Pac. 718); and (2) that, the time within which to make and serve a case having expired on the expiration of the third day after such judgment without order extending the same, the case-made was not served in time, and this court has not acquired jurisdiction. *Boulanger v. Midland Valley Mercantile Co.*, 36 Okla. 120, 128 Pac. 113; *Reed v. Woolly*, 31 Okla. 783, 123 Pac. 1121; *Doorley v. Buford & George Mfg. Co.*, 5 Okla. 594, 49 Pac. 936; *Williams v. New State Bank*, 38 Okla. 328, 132 Pac. 1087; *American Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co.*, 31 Okla. 533, 122 Pac. 507.

The appeal should be dismissed.

By the Court:  It is so ordered.