**DURANT et al. v. NESBIT et al.**

No. 6141—Opinion Filed May 2, 1916.
(157 Pac. 353.)

1. **Appeal and Error—New Trial—Time to Make and Serve Case-Made—Trial on Agreed Statement.**

Where a case is tried upon an agreed statement which eliminates all questions of fact, a motion for a new trial is authorized by statute; and the time for making and serving a case-made for this court runs from the date of the rendition of judgment, unaffected by such motion or the order overruling the same.

2. **Appeal and Error—Time for Appeal—Dismissal.**

According to the law in force at the time, a party desiring to appeal had three days by statute in which to serve a case after a judgment or order was entered, and, unless such case was served within that time, or within an extension of time allowed by the court or judge within such time, the case will not be considered by this court.

3. **Appeal and Error—Petition in Error—Requisites.**

The petition in error should, in a concise and specific manner, clearly point out the particular error or errors complained of and which it is sought to have reviewed.

(Syllabus by Davis, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Melvina Durant and others against Sadie Nesbit and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

Porter Newman, for plaintiffs in error.

V. B. Hayes and W. E. Utterback, for defendants in error.

Opinion by DAVIS, C. This cause was tried in the district court of Bryan county, Okla., upon an agreed statement of facts, and judgment was entered thereon by the court on October 22, 1913, against the plaintiffs and in favor of the defendants; the plaintiffs filed their motion for a new trial on October 25, 1913, which was duly presented, heard, and overruled by the trial court on November 29, 1913, and time then granted in the usual form in which to make and serve a case-made. It has been repeatedly held by this court that a motion for a new trial is unauthorized when a case is tried upon an agreed statement of facts alone, as was done in this case as shown by the record, and that such motion does not operate to extend the period of three days allowed by statute in

force at the date of the entry of judgment, and therefore, in this case, the order entered on November 29, 1913, extending such time, was a nullity, and does not confer upon this court jurisdiction to consider this case on appeal or writ of error with case-made attached which was served, settled, and signed under such order extending the time. Dunlap v. C. T. Herring Lumber Co. et al., 44 Okla. 475, 145 Pac. 375; School District No. 38, Hughes County, ex rel. F. M. Hale, Director, v. B. W. Mackey, County Treasurer, 44 Okla. 408, 144 Pac. 1032; Boyd et al. v. Bryan, 11 Okla. 56, 65 Pac. 940.

"The case was submitted upon the pleadings and an agreed statement of facts. There was no necessity for a motion for new trial. The case went to the court upon a question of law, the facts being settled by stipulation, and the overruling of the motion for new trial saved no question for review, and, even had an extension been given at the time the motion for new trial was overruled, it would be unavailing in this character of a case. Doorley v. Burford & George Co., 5 Okla. 594, 49 Pac. 936; Horn v. Newton State Bank, 32 Kan. 523, 4 Pac. 1022; Ritchie et al v. K., N. & D. Ry., 55 Kan. 36, 39 Pac. 718; Schnitzler v. Green et al., 5 Kan. App. 656, 47 Pac. 996; Noble v. Harter, 6 Kan. App. 823, 49 Pac. 794. In this last case it is said: 'Where a case is submitted to the trial court upon an agreed statement of facts, a motion for a new trial is unnecessary, and the court does not err in overruling such motion. When the parties to an action agree to admit all the facts upon which they desire to have the case submitted to the court, they have agreed upon what the facts in the case are; and, when such facts are communicated to the court for the purpose of having it draw conclusions of law thereon, they become an agreed statement of facts.' The case-made attached to the petition in error is no part of the record; it was not served within proper time, and cannot be considered. The case could have been brought up on a transcript. The pleadings, the agreed statement of facts, and the judgment are all parts of the record, but there is no proper certificate of the clerk authenticating the copies incorporated in the case. The appeal is dismissed, at the costs of plaintiff in error." Board of County Commissioners of Garfield Co. v. Chas. V. Porter et al., 19 Okla. 173, 92 Pac. 152; School Dist. No. 38 v. Mackey, County Treasurer, 44 Okla. 408, 144 Pac. 1032; Stanard v. Sampson et ux., 23 Okla. 13, 99 Pac. 796; Chicago, R. I. & P. Ry. Co. v. City of Shawnee, 39 Okla. 728, 136 Pac. 591.

There is attached to this case-made the certificate, in due and legal form in all respects, of the clerk of the district court of Bryan county, Okla., required by law and rule 16 of this court for the proper certification of a transcript. But the only errors complained of and set out in the petition in error in this cause and to which the attention of

this court has been challenged are four reasons why the trial court erred in overruling the motion for a new trial. The overruling of the motion for a new trial and the saving of exceptions thereto by the plaintiffs in this cause saved no question for review. No errors are pointed out in the petition in error in this cause on the face of the record considered as a certified transcript—none.

Section 5238, Rev. Laws of Oklahoma 1910, among other things provides that the proceedings to obtain such reversal, vacation, or modification shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of, and section 5240 of said laws, supra, provides, among other things, that in all actions hereafter instituted by petition in error in the Supreme Court or other appellate court, the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court.

"To be availing the petition in error should, in an orderly and specific manner, clearly point out the error or errors complained of and sought to be reviewed." Wilson v. Mann, 37 Okla. 475, 132 Pac. 487; Irwin v. Irwin, 3 Okla. 185, 41 Pac. 383; Board of Com'rs. v. Oxley, 8 Okla. 502, 58 Pac. 651; Willet v. Johnson, 13 Okla. 563, 76 Pac. 174; Gill v. Haynes, 28 Okla. 656, 115 Pac. 790; De Vitt v. El Reno, 28 Okla. 315, 114 Pac. 253; McMasters v. English et al., 26 Okla. 818, 110 Pac. 1070.

The defendants in error have filed a motion to dismiss the appeal in this case; the first portion of the second ground thereof reading as follows:

"Second. Because the case-made was not filed in the Supreme Court within three days after the judgment, or within an extension of time made within the said three days. The case was decided by the court upon an agreed statement of facts as will appear from a reference to page 10½ of the case-made. The case was decided by the court on the 22d day of October, 1913, as is shown on page 19 of the case-made. The motion for a new trial was filed on the 25th day of October, 1913, and this motion was overruled on the 29th day of November, 1913, and is on page 23 of the case-made, in which an order for an extension of ninety days was given the plaintiffs in error to prepare and serve case-made, and the case-made was served on the defendants in error on the 11th day of February, 1914, as is shown on page 25 of the case-made. So it would appear that the plaintiffs in error have perfected their appeal on an extension of time made more than thirty days after the trial of the cause, when the same should have been served within three days from the date of the trial or upon an extension of time made within said three days."

The plaintiffs in error in their reply to

defendants in error's motion to dismiss their appeal in this case, among other things, boldly assert and insist upon the following:

"However, in the case at bar, the rule announced by this court does not apply to this case, for the reason that plaintiff in error contends that the stipulation and statements show that the deed executed was one continuous contract, while on the other hand the defendants in error contend that the stipulation shows that it was two separate contracts, and that the execution of the deed complained of was a distinct and independent transaction from the execution of the contract to make a deed; therefore, there was a sharp issue and controverted facts which the trial court passed upon and a motion for a new trial was absolutely necessary in order to present same to this court."

That portion of the defendants in error's motion to dismiss the appeal in this cause quoted and set forth in this opinion, supra, is well taken, and there being no error or errors whatever pointed out in the petition in error which it is sought to have this court review upon the record considered and treated as a certified transcript, for the reasons stated herein there is nothing, therefore, for this court to review, and the appeal should be dismissed.

By the Court: It is so ordered.