**HENRY, Guardian, v. McBRIDE et al.**

No. 12969—Opinion Filed March 25, 1924.

Rehearing Denied May 13, 1924.

(Syllabus.)

1. Appeal and Error — Time for Filing Appeal—Motion for New Trial.

A case having been submitted to the trial court upon an agreed statement of facts, a motion for new trial is not necessary to enable this court on appeal to review the judgment rendered thereon.

2. Same.

In such a case the filing of such motion and the decision thereon by the court cannot extend the time which is allowed by the statute for filing the appeal. The time for filing such appeal runs from the date of the judgment.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by George Henry, guardian of Alene Henry, a minor, against W. A. McBride et al. to declare a trust to the amount of $8,000 on certain property in the hands of the defendants. Judgment for defendants; plaintiff appeals. Dismissed.

Frank F. Lamb, for plaintiff in error.

E. T. Noble, S. L. O'Bannon, and Cochran & Ellison, for defendants in error.

WARREN, J. The judgment in this case was rendered by the district court of Okmulgee county June 23, 1921. It was based entirely upon an agreed statement of facts, thereby eliminating all issues of fact from the trial. Nothing remained but the application of the law to such facts. Motion for new trial was filed by plaintiff below, plaintiff in error here, on June 24, 1921, such motion being overruled by the court July 16, 1921.

On October 6, 1921, an order was made by the court of Okmulgee county extending time for case-made 90 days from that date. Time for serving case-made was extended by the order overruling motion for new trial for 90 days from such order.

The appeal was filed in this court January 12, 1922, being six months and 20 days after the judgment, and being 20 days after the expiration of the statutory period of six months, in which an appeal must be filed in this court.

This court has uniformly held that a motion for a new trial is not necessary in order to enable it to review a judgment of the trial court rendered upon an agreed statement of facts. County Commissioners of Garfield v. Porter et al., 19 Okla. 173, 92 Pac. 152; St. Louis & S. F. Ry. Co., v. Nelson, 40 Okla. 143, 136 Pac. 590; Myers, County Treasurer, v. Bowling, 90 Okla. 3, 215 Pac. 1051.

In order to have given this court jurisdiction to consider this appeal it should have been filed on or before the expiration of the six months period. In such a case; that is, upon an agreed statement of facts, the filing of motion for new trial, the order overruling it, and the order extending the time for service of case-made would all be ineffective to give appellant any additional time for appeal. Time begins to run from the date of judgment and is not affected in any way by such motion or order. C., R. I. & P. Ry. Co. v. City of Shawnee et al., 39 Okla. 728, 136 Pac. 591.

Inasmuch as the appeal was not filed within six months from the rendition of the judgment, this court is without jurisdiction to review such judgment, and the appeal is dismissed.

JOHNSON, C. J., and NICHOLSON, HARRISON, MASON, and LYDICK, JJ., concur.