## BARNETT v. TABOR.

No. 20304. Opinion Filed Sept. 15, 1931.

Rehearing Denied Jan. 12, 1932.

H. B. Parris and R. S. Cate, for plaintiff in error.

Claude A. Niles, Frank L. Montgomery, Nichols & Nichols, and B. H. Tabor, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of McIntosh county by defendant in error herein, B. H. Tabor, against plaintiff in error herein, Jennetta Barnett, for recovery under a written contract of employment for at-

torney fees. The parties will be referred to as they appeared in the trial court.

On the hearing of the case in the trial court a jury was selected and sworn to hear the cause. Counsel for plaintiff and defendant made their respective statements; and plaintiff moved for judgment upon the statement of counsel for defendant; and defendant requested leave to file amended answer, which was refused by the court; thereupon, the court sustained the motion of plaintiff and rendered judgment for plaintiff for the amount sued for upon the pleadings and statement of counsel, and the defendant brings the cause here for review.

Plaintiff alleged in his petition that he was a regular licensed and practicing attorney at law; that plaintiff and defendant entered into written contract on the 24th day of November, 1922, whereby defendant employed plaintiff as her attorney for a period of five years, ending November 24, 1927; that plaintiff did, under the terms of the contract, represent defendant as required in the contract; that defendant agreed to pay plaintiff a sum equal to $500 per year during the period of said contract. Set out certain credits made on said contract. Prayed for judgment for balance due under the contract of $2,358.88, with interest from November 24, 1927. Attached copy of contract to petition.

Defendant by way of answer filed a general denial; admitted plaintiff was a regular licensed and practicing attorney; admitted that sometime in the fall of the year 1922, she entered into a written contract with plaintiff with reference to the employment of plaintiff as her counsel; unable to state whether or not the contract attached to plaintiff's petition is a true and correct copy of the contract, and neither affirms nor denies the same, but demands that strict proof thereof be made. Denied any payments were voluntarily made by defendant to apply upon said contract, but that such payments were made were credited without the consent or knowledge of defendant from funds collected by plaintiff belonging to defendant.

Further alleged a fiduciary relationship existing between plaintiff and defendant and defendant's father prior to execution of the contract, while defendant was a minor, and by reason thereof procured the execution of the contract by defendant; that the contract is unconscionable in its terms, as no provision was made for rescission thereof; that on the 20th of September, 1924, defendant in writing notified plaintiff that his services were no longer necessary, and elected to rescind and cancel the same and to pay plaintiff amount due thereunder at the time of cancellation; plaintiff refused to recognize such cancellation.

Plaintiff by way of reply denied the allegations of new matter set up in the answer; and admitted that his firm had represented defendant's guardian during her minority. Alleged defendant owned certain properties set out in the reply; alleged defendant had employed certain other attorneys prior to plaintiff's employment on the same terms; that the contract with plaintiff was made at the request of defendant. Further alleged that defendant was induced to sign the letter to plaintiff to rescind his contract by certain other persons named in the reply; that after the letter attempted to rescind the contract, defendant advised plaintiff she still wanted him to continue as her attorney. Attached letter signed by defendant to one R. S. Cate requested payment to plaintiff of the amount plaintiff sued for, and stated therein:

"I am satisfied with what Mr. Tabor had done for me, and after I employed you, I told Mr. Tabor on several occasions to continue under my employment with him, until it expired November 24, 1927. * * *"

In the statement to the court and jury by counsel for defendant, he stated in part:

"So far as the defendant is concerned, we admit that we are indebted to Mr. Tabor under the terms of the contract for any amount that he may show due him up to and including September 20, 1924, less any credits that may have been received by him. * * * We don't know what that amount might be, but we admit that we owe him for his services under the contract up to the time that we discontinued his services, and the only thing we ask you gentlemen to do with reference to that is to find what that amount might be; that is, from the proof of plaintiff. * * *

"We expect the evidence to show that services had been satisfactory up until the time of the writing of the letter of September 20, 1924, and we deny that satisfactory services or any other kind of services were performed by the plaintiff after that time, and if permitted by the court we will show why the services were not satisfactory and why that letter was written; * * * and that she has very little, if any, property which would require the services of an attorney, and that the provisions of the contract were unconscionable. * * * I admit that services were rendered up to September, 1924, and that the contract for good sufficient reasons was rescinded.

"By the Court: You didn't plead any reasons for rescinding it?

"By Mr. Parris: I deny that there was any services performed before that time or subsequent to that time at all, and I deny that the services that were performed prior to the time that we notified him that we would no longer require his services were performed in accordance with the terms of that contract.

"By the Court: There is no fraud pleaded.

"By Mr. Parris: I don't charge that there was any fraud in the execution of the contract. I don't charge that or expect to prove it in the trial. * * *"

The defendant requested leave to file amended answer by way of general denial, and admitted the execution of the contract, substantially the same as her original answer, except alleged that subsequent to execution of the contract defendant had been procured to contract for painting of certain of her property and that the Department of the Interior had disallowed same; that plaintiff advised defendant to execute a note for same, which she did, and, the note was sold to a bank of which plaintiff was stockholder and director and acting as attorney for the bank, and defendant was forced to pay same; and by reason of such facts defendant became convinced plaintiff was not representing her to the best of his ability, and defendant did thereupon, on September 20, 1924, notify plaintiff that his services under said contract would no longer be required.

The court refused permission to file said amended answer.

At the outset we are confronted with the motion of the defendant in error to dismiss this appeal for the reason no motion for new trial was filed.

The judgment entered herein recites in the journal entry that the judgment is entered on the opening statement of counsel and on the pleadings.

A careful examination of the opening statement of counsel for defendant below, plaintiff in error herein, discloses that every material statement made by counsel was contained in the answer of defendant and in the amended answer offered by defendant below. There was no admission of statement of fact in the opening statement of counsel material to the issues that was not in the pleadings; then the judgment entered was a judgment on the pleadings.

The defendant in error cites the case of Buchanan v. Fant, 110 Okla. 206, 238 Pac. 962, as supporting their contention. In that case it was said:

"The journal entry filed in the cause recites that the court made certain findings of fact. No reference is made to the motions for judgment on the pleadings. The findings of fact must have been based upon evidence or admissions of the parties made in open court. When findings of fact were made in the journal entry of judgment, the presumption is that there was sufficient evidence to justify the judgment rendered."

That case is distinguished from the case at bar in this, to wit: In the case at bar the journal entry recites judgment was entered on the pleadings and the opening statement of counsel. The opening statement of counsel having conformed to the pleadings, then the judgment was on the pleadings.

Plaintiff in error relies on the case of Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062. Same was dismissed for the reason it was an attempt to appeal on transcript rather than by case-made. In the case at bar the appeal is by case-made.

The case of Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455, is not in point.

Section 572, C. O. S. 1921, provides:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. * * *"

In the case at bar there was no issue of fact determined by the court.

The Territorial Supreme Court of Oklahoma, in the case of Board of County Com'rs of Garfield County v. Charles V. Porter, 19 Okla. at page 174, 92 Pac. 152, speaking through Chief Justice Burford, said:

"The case was submitted upon the pleadings and an agreed statement of facts. There was no necessity for a motion for new trial."

In the case of St. Louis & S. F. R. Co. v. Nelson, Adm'r, 40 Okla. 143, 136 Pac. 590, this court said, first paragraph of the syllabus:

"Where a case is submitted to a trial court upon agreed statement of facts, a motion for new trial is unnecessary to enable this court on appeal to review the judgment rendered upon such agreed statement of facts."

In the case of Landers v. Bank of Commerce of Okmulgee, 106 Okla. 59, 233 Pac. 200, this court, in the second paragraph of the syllabus, said:

"Where a cause is tried upon an agreed

statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute, and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

The Territorial Supreme Court, in the case of J. F. Dunn v. N. B. Claunch, 15 Okla. 27, 78 Pac. 388, in the first paragraph of the syllabus, said:

"Where a motion for judgment on the pleadings is sustained, and judgment rendered in favor of one of the parties, the other may appeal to this court and have the judgment reviewed without filing a motion for a new trial."

This court, in the case of School District No. 38 v. Mackey, County Treasurer, 34 Okla. 408, 144 Pac. 1032, in the first paragraph of the syllabus, said:

"Where a case is tried upon an agreed statement, which eliminates all questions of fact, a motion for a new trial is unauthorized by statute, and the time for making and serving a case-made for this court runs from the date of the rendition of judgment, unaffected by such motion or the order overruling the same."

This court, in the case of Durant v. Nesbit, 59 Okla. 11, 157 Pac. 353, in the first paragraph of the syllabus said:

"Where a case is tried upon an agreed statement which eliminates all questions of fact, a motion for a new trial is unauthorized by statute; and the time for making and serving a case-made for this court runs from the date of the rendition of judgment, unaffected by such motion or the order overruling the same."

This court, in the case of Schuber v. McDuffee, 67 Okla. 160, 169 Pac. 642, in the first paragraph of the syllabus, said:

"Where judgment is rendered on the pleadings, a motion for new trial is neither essential nor proper, and error assigned upon the overruling thereof presents nothing for review in the Supreme Court."

This court, in the case of Mires v. Hogan, 79 Okla. 233, 192 Pac. 811, in the tenth and eleventh paragraphs of the syllabus, said:

"A final judgment rendered on the pleadings has the same effect as a final judgment rendered on a demurrer, and a motion for a new trial is neither essential nor proper, as error assigned upon the overruling of a motion for a new trial would present nothing to this court for review.

"Motions for judgment on the pleadings are not looked upon with favor, and amendments may be made to defeat such motions."

The first contention of plaintiff in error is that the trial court erred in refusing to permit her to file amended answer.

In the case of Owens v. Moraine, 105 Okla., at page 287, 232 Pac. 818, this court said:

"When a motion for judgment rests upon the insufficiency of a pleading, the party against whom the motion is leveled should be given the opportunity to amend after the court has announced its ruling and before the judgment is entered. This court will not affirm a judgment rendered upon a motion for judgment on the pleadings, because of insufficient allegations in any pleading, unless it clearly appears that the pleading could not have been amended, or the party elected to stand on the pleading as filed."

In the case at bar the defendant below, plaintiff in error herein, attempted to amend her allegations with reference to cancellation of the contract and set out the reasons for rescission and cancellation of the contract.

And in the case of Owens v. Moraine, supra, third paragraph of the syllabus, this court said:

"A motion for judgment on the pleadings is not the proper pleading for testing the sufficiency of a petition, and such motion should not be sustained except where it is affirmatively made to appear that the party against whom the motion is leveled has fully developed, by his pleading, his cause of action or defense."

The next contention of plaintiff in error is that the court erred in rendering judgment in favor of the defendant in error and against plaintiff in error upon the opening statement of counsel and pleadings filed in said cause.

In the case of Abraham v. Gelwick, 123 Okla. 248, 253 Pac. 84, second paragraph of the syllabus, this court said:

"Motion for judgment upon the opening statement of counsel should be denied, unless in said statement there is a solemn admission of facts made for the purpose of removing said facts from the realm of controversy, and which facts so admitted show that the party making the statement is not entitled to recover."

Admitting that the judgment of the court was on the opening statement of counsel for the defendant when judgment was asked by plaintiff below on said opening statement, plaintiff agreed that the statement of facts was correct, and it therefore became an agreed statement of facts and no motion for new trial is necessary. The motion to dismiss the appeal is denied.

In the case of White v. Hocker, 58 Okla., at page 40, 158 Pac. 440, this court in the opinion stated:

"The plaintiff in his petition claimed damages in an unliquidated sum for breach of a contract. Admitting the execution of the contract and its breach, as the defendants did in their answer, did not also constitute an admission that the amount alleged to be due was correct. An issue of fact was joined on that question by the general denial contained in the answer. There being an issue of fact joined by the pleadings, it follows that it was error to sustain the motion for judgment upon the pleadings. The rule is that a motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried."

In the case at bar, the plaintiff alleged his contract, and that certain credits were made thereon, and prayed for money judgment for the balance due thereon.

The defendant answered by way of general denial and admitted execution of the contract, but denied the amount due thereon, and also alleged that the contract had been rescinded and canceled. The plaintiff filed reply by way of general denial and set up allegations relative to the cancellation thereof. The admissions of counsel in his statement were that the contract had been executed, but denied the amount due and also stated that same had been canceled and rescinded.

There were questions of fact to be decided.

Under the holdings of this court as heretofore set out the motion for judgment on the pleadings and statement of counsel should have been denied.

For the reasons stated, the judgment of the court is reversed, with directions to vacate the judgment and proceed according to the views here expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.