## FIRST NAT. BANK OF OKEMAH v. LOWE & CAMPBELL ATHLETIC GOODS CO.

No. 25317.    Jan. 21, 1936.

Jas. M. Shackleford, for plaintiff in error.

Leon C. Phillips, J. Walter Long, Jr., and Thomas Z. Wright, for defendant in error.

PER CURIAM. This action was commenced by Lowe & Campbell Athletic Goods Company, a corporation, against the First National Bank of Okemah, Okla., a corporation, in a justice of peace court in Okfuskee county, Okla. From the judgment of the justice of the peace, an appeal was taken to the district court of Okfuskee county, Okla.

On December 13, 1932, the case came on regularly for trial in the district court before J. Harvey Smith, district judge, without the intervention of a jury. The court requested counsel to state their case, and thereupon opening statements were made by counsel for plaintiff and by counsel for the defendant. No answer or other pleadings had been filed by defendant, either in the justice court or in the district court. Counsel for plaintiff thereupon moved for judgment against defendant and in favor of plaintiff, on defendant's opening statement and the pleadings. The motion was argued. The court sustained the motion and rendered judgment for plaintiff for $158.03, with interest at 6 per cent. from September 9, 1929, and costs of the action. Plaintiff then tendered the warrant for cancellation, and the same was ordered canceled and merged in the judgment. Notice of appeal was given, and an extension of 30, 10 and 5 days given; supersedeas bond allowed; execution stayed for ten days, pending giving and approval of the bond, all as per journal entry.

A motion for a new trial was filed December 16, 1932. Journal entry of the judgment of December 13, 1932, was filed January 25, 1933. In this journal entry no exceptions are taken or allowed, no notice of appeal, no time allowed to make, serve, and settle case-made, or provision for supersedeas bond, and no notice taken of the motion for new trial.

On July 24, 1933, the motion for a new trial was overruled, notice of appeal given,

60 days allowed to make and serve case-made, ten days to suggest amendments, case-made to be settled upon five days' notice in writing by either party. Provision was made for giving supersedeas bond, and execution stayed for 20 days pending the giving and approval of the bond. Supersedeas bond dated July 25, 1933, was given and approved July 28, 1933.

Petition in error and case-made was filed in the Supreme Court of Oklahoma January 22, 1934. This was within six months from date of overruling the motion for a new trial, but more than six months after date of rendition of the judgment. The judgment in the district court was on December 13, 1932; the journal entry of judgment was filed January 25, 1933.

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of." Section 547, O. S. 1931.

Unless the motion for a new trial was effectual to extend the time within which proceedings to reverse this judgment must be commenced, the appeal was filed in the Supreme Court too late; the court is without jurisdiction, and the appeal should be dismissed.

Plaintiff in error does not discuss this question in its brief, but the question is fully discussed and authorities cited by defendant in error in its brief. No repy brief has been filed.

The legal effect of plaintiff's motion for judgment on the pleadings and defendant's opening statement, was to make such opening statement an agreed statement of facts. There was no necessity for a motion for a new trial. Barnett v. Tabor, 154 Okla. 20, 6 P. (2d) 787; Bd. of Com'rs, Garfield County, v. Chas. V. Porter et al., 19 Okla. 173, 92 P. 152; Dunn et al. v. Claunch et al., 15 Okla. 27, 78 P. 388; St. Louis & S. F. Ry. Co. v. Nelson, Adm'r, 4 Okla. 143, 136 P. 590; First State Bank of Keota v. Bridges, 39 Okla. 355, 138 P. 378.

In Landers et al. v. Bank of Commerce of Okmulgee et al., 106 Okla. 59, 233 P. 200, this court said:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute, and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

The same was held in School District No. 38 v. Mackey, County Treas., 44 Okla. 408, 144 P. 1032; and followed in Durant et al. v. Nesbit et al., 59 Okla. 11, 157 P. 353; and where judgment is on the pleadings, in Schuber et al. v. McDuffee et al., 67 Okla. 160, 169 P. 642; and see McAleer v. Waddel-O'Brien Motor Co., 105 Okla. 35, 231 P. 480; Brigham v. Davis, 126 Okla. 90, 258 P. 740.

We deem it unnecessary to quote from these decisions, or cite others. Filing the motion for a new trial did not extend the time within which an appeal must be filed in the Supreme Court; the time for so doing runs from December 13, 1932, the date of the judgment, and not from July 24, 1933, the date when such unnecessary and unauthorized motion for new trial was overruled.

Plaintiff in error appears to have acted on the theory that the warrant was offered in evidence, thus raising an issue of fact, and that, therefore, a motion for new trial was necessary and proper. The warrant was not offered in evidence, but was simply tendered for cancellation after the motion had been sustained. Copy of the warrant with the indorsements was attached as an exhibit to plaintiff's bill of particulars; the issuing and indorsement of this warrant was admitted in defendant's opening statement that W. C. Duke, who was a merchant and also a member of the school board, took the draft or warrant to the bank, indorsed it as above stated, and received the money. No claim was made that he had any authority from plaintiff to indorse its name on this instrument, all of which was before the court when it passed on the motion for judgment.

This court is without jurisdiction to entertain the purported appeal in this case, for the reason that the petition in error was not filed within six months from the date of the rendition of the judgment of the district court. The appeal is, therefore, dismissed.

The Supreme Court acknowledges the aid of Attorneys William L. McCann, Robert E. Lee, and Eric Haase in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCann and approved by Mr. Lee and

Mr. Haase, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ. concur.