## VAUGHN v. NEWBERN.

No. 25911.   April 7, 1936.

Morrison & Shipp, for plaintiff in error.

Roy Glasco, for defendant in error.

PER CURIAM. This action was commenced by the plaintiff in error filing her petition against defendant in error, seeking to recover judgment against defendant in error on a promissory note, and further alleging that said note had been assigned to plaintiff in error. To this petition, the defendant in error filed his unverified answer, the same consisting of a general denial, and a denial that the plaintiff in error was the holder or owner of the note sued on, and, that said note was never indorsed, transferred or delivered to the plaintiff in error by the payee thereof. Thereafter the plaintiff in error filed her motion for judgment on the pleadings, which motion was by the court overruled. At the time of the overruling of this motion, defendant in error requested leave to file an amended answer, and was by the court given permission to file an amended answer. From the order of the court overruling her motion for judgment on the pleadings, and allowing the defendant in error to amend his answer, plaintiff in error appeals to this court, contending that under the authority of the case of Horne v. Oklahoma State Bank, 42 Okla. 37, 139 P. 992, and other Oklahoma cases following the same rule, the lower court erred in overruling her motion for judgment on the pleadings. In that case it was said:

"The execution of the note in suit and its indorsement by the defendant as alleged in the petition, not having been denied under oath, were admitted facts."

The defendant in error contends, under the authority of the case of Barnett v. Tabor, 154 Okla. 20, 6 P. (2d) 787 (and other Oklahoma cases following a like rule), which case holds in the second paragraph of the syllabus as follows:

"When a motion for judgment rests upon the insufficiency of a pleading, the party against whom the motion is leveled should be given the opportunity to amend after the court has announced its ruling and before the judgment is entered"

—that regardless of the question of whether the defendant in error's answer was sufficient or not, and whether the court's ruling on the plaintiff in error's motion for judgment on the pleadings was correct, the question is now moot, by reason of the defendant in error being given permission to file an amended answer.

It is our opinion that, regardless of the question as to whether plaintiff in error's motion for judgment on the pleadings was well taken, the defendant in error should be allowed to file his amended answer as permitted by the court, and that complete determination of the sufficiency of defendant in error's answer could then be had by plaintiff in error testing the same by motion for judgment on the pleadings after such

amended answer is filed, if she cared to do so.

It follows that the judgment of the trial court should be affirmed and this cause remanded for further proceedings.

The Supreme Court acknowledges the aid of Attorneys Swan C. Burnette, Quinn M. Dickason and Sam Clammer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Burnette and approved by Mr. Dickason and Mr. Clammer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J. OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.