## PATTERSON et al. v. CARTER. WARD et al. v. SAME.

Nos. 11363, 11364—Opinion Filed Sept. 13, 1921.

(Syllabus.)

1. **Appeal and Error—Right of Review—Record—Agreed Statement of Facts.**

Under the practice and procedure act in force in the state, the pleadings, the agreed statement of facts, and the judgment are all parts of the record, and errors predicated on the agreed statement of facts may be reviewed on a transcript of the record. Howe v. Tiger, 76 Okla. 41, 183 Pac. 983, and any other similar cases holding to the contrary are overruled.

2. **Indians— Lands— Alienation— Guardian Sale—Restrictions.**

Under sections 15 and 16 of the Chickasaw and Choctaw Supplemental Treaty, ratified September 25, 1902, 32 Stats. at L. 641, providing: "Lands allotted to members and freedmen shall not be affected or encumbered by any deed, debt, or obligation of any character contracted prior to the time at which said land may be alienated under this act, nor shall said lands be sold except as herein provided. All lands allotted to the members of said tribes, except such land as is set aside to each for a homestead as herein provided, shall be alienable after issuance of patent as follows: One-fourth in acreage in one year, one-fourth in acreage in three years, and the balance in five years; in each case from date of patent: Provided, that such land shall not be alienable by the allottee or his heirs at any time before the expiration of the Choctaw and Chickasaw tribal governments for less than its appraised value"—held, that the restrictions contained in said sections of said treaty, supra, ran with the land, and that an attempted alienation of the surplus part of the allotment of a member of the Choctaw Tribe of Indians, same being selected during the lifetime of the allottee, by a minor Choctaw Indian heir of three-eighths (⅜) blood, through a probate sale conducted pursuant to the procedure as found in Mansfield's Digest of the Laws of the State of Arkansas of probate procedure, prior to the expiration of the restrictions found in section 16, supra, of said treaty, was void. Burtschi et al. v. Wolfe et al., 82 Okla. 27, 198 Pac. 306; Gannon v. Johnston, 40 Okla. 695, affirmed in 243 U. S. 108, 61 L. Ed. 622.

3. **Indians — Suit to Recover Restricted Lands— Statute of Limitations Inapplicable.**

That part of the statute of limitations of the state which provides that all actions against the purchaser for the recovery of

lands sold at judicial sales shall be brought within five years after the date of such sale, saving to minors, etc.. the period of three years after such disability has been removed, does not apply to actions commenced by restricted Indians for the recovery of their restricted lands.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Separate actions by Luther Carter against G. M. Patterson and others, and against J. P. Ward and others, to recover real estate. Judgment for plaintiff in each case, and defendants appeal. Affirmed in part, and reversed in part, and rendered.

H. A. Ledbetter, for plaintiffs in error.

J. L. Dickson and Willis & Works, for defendant in error.

PER CURIAM The above-entitled cases were consolidated in the trial court, and were heard together in this court. The actions were commenced by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, for the recovery of specific real estate.

Before going into the merits of the cases it will be necessary to pass upon a motion to dismiss these appeals filed by the defendant in error, based upon the following ground, to wit:

"These cases having been tried in the court below on an agreed statement of facts, and these appeals having been prosecuted by a transcript of the record, the agreed statements of facts are not part of the record, and cannot be considered by this court, for the reason that the only errors assigned raise questions which require an examination of the evidence, and therefore these appeals should be dismissed."

In support of this motion counsel cite Brown et al. v. Capital Townsite Co., 21 Okla. 586, 96 Pac. 587, and Howe v. Tiger, 76 Okla. 41, 183 Pac. 983.

The first of these cases was pending on writ of error in the Court of Appeals of the Indian Territory upon the advent of statehood, and was transferred to this court under the terms of the Enabling Act and the Schedule to the Constitution. In such actions the existing procedure. that is, the procedure in force in the Indian Territory prior to statehood, was preserved. St. L. & S. F. Ry. Co. v. Cundieff, 171 Fed. 319, 96 C. C. A. 211; Loeb v. Loeb, 24 Okla. 384. 103 Pac. 570; M., K. & T. Ry. Co. v. Walker, 27 Okla. 849, 113 Pac. 907. As Brown v. Capital Townsite Co. was one of the very few cases governed by this procedure. the court very properly held that

the agreed statement as to the facts was not a part of the record, because not made so by bill of exceptions, and declined to examine errors based thereon. School District v. School District, 64 Ark. 483, 43 S. W. 50. Under this procedure also the agreed statement of facts did not render a motion for a new trial unnecessary. Smith v. Hollis, 46 Ark. 17.

(1) But under the procedure in force in the territory of Oklahoma upon the advent of statehood, which was extended over and put in force in the state by the Schedule to the Constitution, the rule was entirely different. Under that procedure, which practically remains unchanged to the present day, the pleadings, the agreed statement of facts, and the judgment are all parts of the record, and no motion for new trial is necessary for the Supreme Court to review the judgment of the trial court rendered upon such agreed statement. Board of Co. Com'rs v. Porter et al., 19 Okla. 173, 92 Pac. 152; Durant v. Nesbit et al., 59 Okla. 11, 157 Pac. 353; St. L. & S. F. Ry. Co. v. Nelson, 40 Okla. 143, 136 Pac. 590.

From this it will be seen that, while Brown et al. v. Capital Townsite Co., supra, was correctly decided, it did not form a precedent for the subsequent ruling of the court in Howe v. Tiger, supra, which was governed by the practice and procedure act of Oklahoma Territory, extended over and put in force in the state by the Enabling Act and Schedule to the Constitution. Under that act, as we found it construed by the Supreme Court of the territory of Oklahoma when we adopted it, the pleadings, the agreed statement of facts, and the judgment are all parts of the record. As the ruling in the Tiger Case resulted from inadvertently overlooking a ruling case in point and following a case which was not in point because it was based upon a different statute, we think it, and similar cases, if there are any, should be overruled, in order that the seeming conflict in our decisions on this point may be harmonized. For this reason the motion to dismiss must be overruled.

The lands involved herein constitute the homestead and surplus allotments of one George Chatan, a mixed-blood member of the Choctaw Tribe of Indians. The lands were selected and the allotment made during the lifetime of the allottee, who died intestate on or about the 4th day of March, 1906, leaving surviving him,

as his sole and only heir at law, Alex McCoy, a member of the Choctaw Tribe of Indians of five-eighths Indian blood. After the death of the allottee a guardian was appointed for Alex McCoy, who was then a minor, by the United States Court for the Central District of Indian Territory sitting at Antlers, and thereafter the inherited lands involved in these actions were sold by the guardian at guardian's sale under the order of the United States court, which sale was made according to the provisions of Mansfield's Digest extended over and put in force in the Indian Territory by act of Congress governing guardian's sales, the sale being conducted in said court and the guardian's deed being issued during the year 1907. The plaintiffs in error in these two cases claim the lands involved by purchase from the purchaser at the guardian sales, and the defendant in error claims title by purchase from Alex McCoy and his wife on the 15th day of April, 1918, after McCoy had attained his majority. The trial court held that section 22 of the act of Congress of April 26, 1906 (34 St. at L. 137), which was in force at the time of the guardian's sale, provides the sole means whereby a minor of any degree of Indian blood may be divested of the title to his inherited lands, and that, inasmuch as there were no adult heirs with whom the minor heirs could join, the separate conveyance made by their guardian was void as to both the homestead and surplus allotments. This resulted in awarding the lands to the defendant in error, who deraigned his title by conveyance from Alex McCoy after he had attained his majority.

(2) From this brief resume of the facts it is apparent that the question of law involved in this branch of the case is precisely the same as the question decided by this court in Burtschi et al. v. Wolfe et al., 82 Okla. 27, 198 Pac. 306. In that case a similar ruling of the trial court was held to be error in so far as it affected the guardian's sale of the homestead allotment On the authority of that case the ruling of the trial court in the case at bar is held to be erroneous in so far as it affected the guardian's sale of the homestead allotment. Section 15 and 16 of the treaty between the Chickasaws and Choctaws, ratified September 25, 1902, 32 Stats. at L. 641, provides:

"Lands allotted to members and freedmen shall not be affected or encumbered by any deed, debt. or obligation of any character contracted prior to the time at which said land may be alienated under this act, nor shall said lands be sold except as herein provided.

"All lands allotted to the members of said tribes, except such land as is set aside to each for a homestead as herein provided, shall be alienable after issuance of patent as follows: One-fourth in acreage in one year, one-fourth in acreage in three years, and the balance in five years; in each case from date of patent: Provided, that such land shall not be alienable by the allottee or his heirs at any time before the expiration of the Choctaw and Chickasaw tribal governments for less than its appraised value."

And this court, in the case of Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, affirmed in Gannon v. Johnston, 243 U. S. 108, 37 Sup. Ct. 330, 61 L. Ed. 622, held that, under the provisions of sections 15 and 16 of said treaty, supra, the restrictions contained in section 16 of said treaty, supra. ran with the land and restricted the surplus allotment allotted during the lifetime of the allottee, and that an attempted alienation by the heir of the allottee prior to the expiration of said restrictions rendered such attempted alienation void, and it does not appear that the restrictions as contained in section 16 of said treaty, supra, as far as the same is applicable to minors, were repealed by the act of Congress of April 26, 1906 (34 Stats. at L. 137). Of course, in this as well as the Burtschi Case it goes without saying that, if the time limitation upon the surplus expired prior to the probate proceedings. the surplus also would be free from restrictions, and the guardian's sale thereof would be valid.

(3) In the case at bar, however, there is an additional question raised, which. if found tenable, would bar the defendant in error from questioning the validity of the guardian's sale. It is contended that, inasmuch as the guardian's sale was held pursuant to the provisions of Mansfield's Digest, and no action was commenced to set aside the deed within the statutory period of limitations after the minor became of age, the right of action of the plaintiff was barred by lapse of time under section 4474 of Mansfield's Digest of the Laws of Arkansas, which provides as follows:

"All actions against the purchaser, his heirs or assigns. for the recovery of lands sold at judicial sales. shall be brought within five years after the date of such sale. and not thereafter: saving to minors and persons of unsound mind the period

of three years after such disability shall have been removed."

The contention is that even if the guardian's sale was void as to both surplus and homestead, the plaintiff's cause of action was barred by the statute of limitations under the rule announced by this court in Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368. We are unable to agree with counsel that the rule laid down in the Dodson Case is applicable to the case at bar. In the first place, it is well settled that an Indian who is under the guardianship of the United States cannot be divested of his restricted lands, whether acquired by allotment or by inheritance, in any manner except that provided for by some act of Congress. In other words, if, in the case at bar, the inherited surplus, as we have held, is still restricted, the Indian owner cannot be divested of his title therein except in the manner provided by act of Congress, and then only in the manner provided by law. Goodrum v. Buffalo, 162 Fed. 817, 89 C. C. A. 525; Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334. It must not be forgotten that these restricted Indians do not become sui juris upon reaching their majority. As a dependent people these Indians are still wards of the federal government, against which the statute of limitations does not run. In these circumstances it would be futile to hold that the statute of limitations commenced to run against the Indian himself upon reaching his majority, although it did not run against his general guardian, the United States. It is well settled that there can be no adverse possession against the federal government which can form a basis of title by estoppel, or under the statute of limitation, and it has been held that the same rule applies where the lands involved are lands that have been allotted to Indians with restrictions upon the alienation of title thereto by the Indians, so long as such restrictions upon alienation exist. Miller v. Fryer, 35 Okla. 145, 128 Pac. 713. Other cases more or less in point are Wrigley v. McCoy, 73 Oklahoma, 175 Pac. 259; McGannon v. Straightlege, 32 Kan. 524, 4 Pac. 1042; Sheldon v. Donohoe, 40 Kan. 346, 19 Pac. 901.

It being conceded by counsel for the respective parties that the guardian sale was consummated prior to the issuance and approval of the patents to the lands in controversy, as required under section 16 of the Chickasaw and Choctaw Supplemental Treaty, ratified September 25, 1902, 32 Stats. at L. 641, the judgment of the trial court decreeing the defendant in error title in and to the surplus part of the allotment involved in this action is affirmed, and the plaintiffs in error are decreed to have title in and to that part of the lands allotted as homestead lands involved in the actions.

All the Justices concur.