Note.—See under (1) 33 C. J. p. 841 § 1; 15 R. C. L. p. 500; 3 R. C. L. Supp. p. 461; 4 R. C. L. Supp. p. 998; 5 R. C. L. Supp. p. 841. (2) 33 C. J. p. 841 § 1; p. 842 § 2; p. 845 § 16. (3) 33 C. J. p. 851 § 36; 15 R. C. L. p. 501; 3 R. C. L. Supp. p. 461; 4 R. C. L. Supp. p. 998; 5 R. C. L. Supp. p. 841. (4) 33 C. J. p. 856 § 48. (5) 33 C. J. p. 856 § 48; Anno. 50 L. R. A. (N. S.) 1046; 15 R. C. L. p. 504; 3 R. C. L. Supp. p. 462; 5 R. C. L. Supp. p. 841. (6) 33 C. J. p. 856 § 48; p. 871 § 96.

---

**ALDRICH et al. v. CROCKETT et al.**

No. 15153—Opinion Filed Feb. 17, 1925.

Withdrawn, Corrected, Refiled, and Rehearing Denied Feb. 2, 1926.

**Indians—Conveyance of Inherited Lands—Interests of Minors—Statutory Proceedures.**

The methods provided for the sale of inherited Indian lands by section 22, Act of Congress of April 26, 1906, whereby authority is given to minor heirs to join in the sale of such lands with adult heirs, is not the exclusive procedure whereby title in such lands may be conveyed. The Act of 1906 did not repeal the law authorizing the sale of the interest of minors, as provided in Mansfield's Digest of the Statutes of Arkansas, nor did it prevent the laws of a similar nature from becoming effective on the advent of statehood, contained in the Statutes of Oklahoma.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court. Grady County; Will Linn, Judge.

Action by Susan N. Aldrich et al. against Clarence J. Crockett et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Cicero I. Murray, for plaintiff in error.

C. S. Arnold and Bailey & Hammerly, for defendants in error.

Opinion by JONES, C. This appeal involves the ownership of certain lands located in Grady county, Okla., the allotment of one Esau McGee, a three-quarter blood Choctaw Indian. The lands were allotted to the allottee during his lifetime. After issuance of patent on the 6th day of June, 1916, the said McGee died intestate, unmarried, and without issue, leaving as his heir his mother, Susan McGee, and Susan Aldridge, nee McGee, half-sister, Sol McGee and Isom McGee, brothers, and Mary N. McGee, sister. His mother and half sister were enrolled as full-blood Chickasaw Indians, and his own brothers and sisters were enrolled as three-quarter blood Indians.

The suit was instituted by the appellants, the heirs and decendants of some of the heirs named, now deceased, to recover possession of a portion of the allotment of the said Esau McGee, for the reason that the deed of conveyance was void and not executed in accordance with the requirements of the law then in force governing the alienation of Indian lands, and the execution of deed alienating same by minor Indians conveying inherited lands. On the trial of the case to the court, judgment was rendered in favor of the defendants and against the plaintiffs upholding the validity of the conveyance sought to be set aside, from which judgment the appellants prosecute this appeal, and assign various specifications of error, but in their brief base their right to a reversal of this judgment on the fourth assignment of error, which is as follows:

"That the judgment is contrary to law, in that the court erred in holding and adjudging that the guardian's sale of the interest of Mary McGee and Isom McGee, in the lands in controversy, as was had on March 28, 1908, by D. N. Robb, as their guardian, to Julian C. Harris, was a valid sale of such interest in said lands, and that their interest in said lands passed by virtue of such sale; and that such sale as was made of such interest was in compliance with section twenty-two (22) of the Act of Congress of April 26th, 1906, and that such sale was a joint sale of said lands and that same were sold in conjunction with the sale of the interest of the adult heirs."

The record discloses that Sol McGee, an adult brother of the deceased, Esau McGee, conveyed his interest in said allotment to the Southern Trust Company on the 16th day of May, 1907, and subsequent thereto, to wit, on the 1st day of February, 1908, D. N. Robb, guardian of Mary Isom McGee, filed his petition asking for sale of the interest of said minors in said lands, and made no reference whatever as to whether the adult heirs had conveyed their interest, or whether or not it was the object of said petition to join in a sale with the adult heirs, but as a ground authorizing the sale alleged that same was necessary for the support, maintenance, and education of said minor heirs. Pursuant to this application on the part of the guardian the interests of said minors were sold and the sale was confirmed on the 25th day of April, 1908, and guardian's deed executed and delivered to Julian C. Harris. That subsequent to the guardian's sale, to wit, on the 9th day of June, 1908, Susan McGee, mother of said Esau McGee, deceased, sold and conveyed to the said Julian C. Harris her one-half interest in said lands, which deed conveying same was duly approved by the county court of Pushmataha county, and thereafter the Southern Trust Company sold and conveyed to Julian C. Harris its interest, acquired by reason of the conveyance to said company by Sol McGee. These various conveyances dispose of all interest in said allotment, except that of Susan N. Aldridge, the owner of a one-eighth interest. Appellants call attention to section 22 of the Act of Congress of April 26, 1906, as follows:

"That the adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection had been made, or to whom a deed or patent has been issued for his or her share of the land of the tribe to which he or she belongs or belonged, may sell and convey lands inherited from such decedent; and if there be both adult and minor heirs of such decedent, then such minors may join in a sale of such lands by a guardian duly appointed by the proper United States court for Indian territory. And in case of the organization of a state or territory, then by a proper court of the county in which said minor or minors may reside, or in which said real estate is situated, upon an order of such court made upon petition filed by guardian. All conveyances made under this provision by heirs who are full-blood Indian are to be subject to the approval of the Secretary of the Interior, under such rules and regulations as he may prescribe."

And call special attention to that portion of the section which provides that if there be both adult and minor heirs of such decedent, then such minors may join in a sale of such lands by guardian, duly appointed, etc. Attention is called to the case of Wilson v. Morton et al., 29 Okla. 745, 119 Pac. 213, as having construed the section heretofore referred to, and the contention is made, that under this authority, the manner of

sale provided for in section 22, Act of 1906, is exclusive, and only method under the law by which the interest of minor Indians in inherited lands might be disposed of, where there are adult heirs, but we do not regard the authority cited as necessarily going to that extent.

Some language found in the opinion would indicate that such was the judgment of the court, but in fact the court, in the Wilson-Morton Case, supra, did not have the question before it, as to whether or not procedure provided for in section 22 of the Act of 1906 was the exclusive method by which minor Indians might sell their inherited lands; it merely upheld the execution of a deed conveying inherited lands, by the method as provided in said act. There is nothing contained in the Act of April 26, 1906, which could be construed as repealing the provisions of the · Arkansas law theretofore put in force in the Indian Territory, authorizing the sale of lands belonging to minor Indians, which was unrestricted, and the Wilson-Morton Case, supra, does not so hold.

Appellees call attention to the cases of Burtschi et al. v. Wolfe et al., 82 Okla. 27, 198 Pac. 306, and Patterson v. Carter, 83 Okla. 70, 200 Pac. 855, which we think removes any doubt as to the extent of the holding of this court; in the case of Wilson v. Morton, and in the Burtschi Case, supra, which is similar in many respects to the case at bar, the sale of minor Indian lands through the county court as authorized, under the procedure prescribed by the laws of Arkansas, is clearly upheld and held not to be the exclusive methods.

The validity of the guardian's deed is the only question involved in this case. The appellants in the first paragraph of their brief following the assignment of error heretofore quoted say :

"The sole and only question to be decided in this case is whether or not the sale of one-fourth interest in the lands in controversy was valid and in' accordance with section 22 of the Act of Congress of April 26, 1906. * * * there being both adult and minor heirs to join the adults heirs in a sale in order to convey their interest, and such being done the sale was not made in accordance with the Act of Congress, and that no title passed thereby."

And no other issue is raised by the pleadings in the case under the authorities heretofore cited, we find that the guardian's deed was a valid conveyance of the interest of the minors. We therefore find that the case should be and the same is affirmed.

By the Court: It is so ordered

Note.—See under (1) 31 C. J. p. 513, § 78 (1926 Anno)