**TOBLEY et al. v. DEKINDER et al.**

No. 15270—Opinion Filed April 7, 1925.

Rehearing Denied May 5, 1925.

**Indians—United States—Adverse Possession and Limitation of Actions—Defenses Not Available.**

There can be no adverse possession against

the federal government which can form the basis of title by estoppel or under statutes of limitation; this rule applies to actions by full-blood Choctaw Indian heirs for the recovery of their inherited land, even though the land involved was unrestricted in the hands of the heirs prior to April 26, 1906; and in such action, brought by the heirs in 1918, where a defense based upon the statute of limitations contained in chapter 97, section 4471, of Mansfield's Digest of the Statutes of Arkansas is interposed, which depends in part for its validity upon adverse possession held after the Act of April 26, 1906, imposing restrictions, became effective, such statute is not applicable and a defense in the action based thereon is invalid.

··· (Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grady County: Will Linn, Judge.

Action by Willis Tobley, Amy N. Cass, Joshua Christy, and Rhoda James against Mable C. Dekinder et al., for possession and to quiet title to real estate. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

E. D. Means, G. A. Holley, E. D. Holley, Cliff V. Perry and R. E. Lee, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

Opinion by FOSTER, C. This appeal is prosecuted by the plaintiffs in error, plaintiffs below, to review a judgment obtained in the district court of Grady county by the defendants in error, defendants below, overruling a demurrer interposed by the plaintiffs in error to certain paragraphs of the several separate answers filed by the defendants in error, and in subsequently entering judgment in favor of the defendants in error based on the allegations contained in the paragraphs mentioned.

The parties will be hereinafter referred to as they appeared in the trial court.

The action of the plaintiffs was to recover the possession and to quiet title to certain lands located in Grady county, which had been selected on behalf of Thomas Harrison, a full-blood Choctaw Indian, by his administrator after his death, pursuant to the provisions of section 22 of the Act of Congress of July 1, 1902.

It was alleged by the defendants, in substance, that Thomas Harrison having died in 1902 before receiving his allotment, the land to which he would have been entitled if living, descended to his heirs under section 22 of the Act of Congress effective September 25, 1902, free of any restrictions upon the alienation thereof until April 26, 1906, and the defendants, as bona fide grantees of persons claiming to be heirs, having taken open, exclusive, and notorious possession of said land in October, 1903, at a time when the plaintiffs were under no disability and having continued in the open and exclusive possession of the land until the institution of plaintiff's action in 1918, the plaintiffs were barred by limitation seven years after they took possession pursuant to the Arkansas statute of limitations contained in section 4471, chapter 97, of Mansfield's Digest of the Statutes of Arkansas.

To that part of the answer interposing the plea of the statute of limitations above mentioned, the plaintiffs, as stated, interposed a demurrer, which was overruled, and plaintiffs appeal, assigning as error the action of the trial court in overruling their demurrer, and in rendering judgment for the defendants sustaining their plea of the statute of limitations.

The petition of plaintiffs alleged, in substance, that Thomas Harrison died intestate, December 11, 1902, leaving surviving a child, Susan Harrison, a full-blood Choctaw Indian, and his wife, Cellin Harrison, who was the mother of Susan Harrison; that Susan Harrison died intestate in July, 1903, and that upon the death of Susan Harrison, the land in controversy, having descended to her from her father, passed back to her paternal cousins, the plaintiffs herein, who were in October, 1903, the sole surviving heirs of Thomas Harrison, all full-blood Choctaw Indians, and all of full age on said date.

As we view the case there is but one legal question presented, and that is whether or not the statute of limitations invoked by the defendants is applicable to the plaintiffs who are all full-blood Choctaw Indians and whose inherited lands were restricted subsequent to April 26, 1906.

A correct solution of this question depends, to some extent, upon a determination of the effect the passage of the Act of Congress on April 26, 1906, had upon defenses based upon the statute of limitations which had then only partially accrued.

The plaintiffs belonged to a limited class of full-blood Indians whose inherited lands happened to be unrestricted in their hands prior to April 26, 1906. This power of unrestricted alienation, however, did not accrue to them because they were not full-blood Indians.

It was held that the land in hands of the heirs was not burdened with the restrictions

imposed under the general allotment scheme, it not having been received by the deceased prior to his death. Mullen v. U. S., 224 U. S. 448. 56 L. Ed. 834. The concluding paragraph of the Act of April 26, 1906, provided:

"All conveyances made under this provision by heirs who are full-blood Indians are to be subject to the approval of the Secretary of the Interior under such rules and regulations as he may prescribe."

After this act was passed (April 26, 1906), conveyances by that class of full-blood Indian heirs whose inherited lands had theretofore been unrestricted were to be made subject only to the approval of the Secretary of the Interior just as full-blood heirs whose lands had theretofore been restricted, regardless of whether the descent was cast prior or subsequent to the passage and approval of the act.

This class of full-blood heirs were deemed to be as much in need of protection as the other, and both were equally within the protection of the statute. Brader v. James, 49 Okla. 734, 154 Pac. 560, 246 U. S. 88; Aldrich v. Hinds et al., 110 Okla. 53, 235 Pac. 1100.

It has been held that the power to regulate and control the sale and disposition of restricted Indian land in the state of Oklahoma is exclusively for Congress by virtue of the general guardianship exercised by the government over the Indian and by reason of its plenary authority to legislate for their protection, and this includes the power to reimpose restrictions on alienable inheritances. Heckmann v. U. S., 224 U. S. 413, 56 L. Ed. 820. The methods prescribed by Congress are exclusive.

As we view the case, the question is not whether the creation of a new disability by Congress would arrest the running of the statute of limitations under ordinary circumstances, but whether the government, through Congress, in the exercise of its continuing guardianship over the plaintiffs, having taken the field and legislated concerning the sale and disposition of inherited land owned by them, did not thereby exclude every other mode for acquiring title to such lands, including title thereafter acquired by adverse possession under local statutes of limitation, where such title depended in part for its validity upon adverse possession held after the act of Congress became effective.

The effect of the Act of April 26, 1906, was to prohibit any conveyance by a full-blood Indian heir of his inherited land except upon approval by the Secretary of the Interior.

ior. Title by adverse possession in the defendants under the seven year statute of limitation of Arkansas had not matured at the time this act was passed.

To hold that this act made the Arkansas statute of limitations thereafter inapplicable as to the plaintiffs, deprived the defendants of no existing defense nor destroyed any vested property right in them.

The fact that approximately three years of defendants' possession may have been adverse can be of no avail. They must be regarded in the same light as if their possession had commenced during the period of restriction. If possession had commenced after April 26, 1906, it could not have been adverse and we are unable to see any difference in principle between the commencement of possession and the continuance of possession as regards the status of the defendants under the Act of April 26, 1906.

The same rule must be applied that obtains where a defendant takes possession during the period of restriction. This rule has been announced in numerous cases as follows: Miller v. Fryer, 35 Okla. 148, 128 Pac. 713; Patterson v. Carter, 83 Okla. 70, 200 Pac. 855; Wrigley v. McCoy, 73 Okla. 161, 175 Pac. 259. In Patterson v. Carter, supra, our court said:

"That part of the statute of limitations of the state which provides that all actions against the purchaser for the recovery of land sold at judicial sales shall be brought within five years after the date of such sale saving to minors the period of three years after such disability has been removed does not apply to actions commenced by restricted Indians for the recovery of their restricted lands."

In line with the principle announced in the cases cited, it has been generally held in both the state and federal courts that no right whatever can be acquired in Indian land under state law or upon equitable grounds where such right is based on and grows out of some act or relation made unlawful by Congress itself. F. B. Collins Investment Company et al. v. Beard, 46 Okla. 310, 149 Pac. 846; Brewer v. Perryman et al., 62 Okla. 176, 162 Pac. 791; Coleman v. Battiest, 65 Okla. 71, 162 Pac. 786; Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755; Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729.

Our conclusion is that the Act of April 26, 1906, reimposing restrictions on that class of Indians to which the plaintiffs belong and requiring conveyances thereafter made of their inherited lands to be approved by the Secretary of the Interior was exclus-

ive of all other modes for acquiring title thereto, and where a title thereafter asserted depended in part for its validity upon adverse possession under the Arkansas statute of limitation held for a number of years after the Act of Congress of April 26, 1906, became effective, such statute of limitation is inapplicable as a defense to an action brought by the plaintiffs for the recovery of such land.

A number of authorities are cited in the brief of the defendants on the proposition that no disability will postpone the operation of the statutes unless it exists when the cause of action accrues and that when the statute begins to run, no subsequent disability will interrupt it. These cases, we think, have no application here. They are not applicable to a situation where the federal government itself, through Congress, imposes a restriction upon the power of alienation as an incident to the right of control reserved by it as the original title holder of the land, and for the purpose of carrying out an existing guardianship exercised by it over its wards.

Upon a survey of the entire record we conclude that the judgment of the trial court overruling the special demurrer interposed by the plaintiffs to the plea of the statute of limitations interposed by the defendants, must be reversed. Other paragraphs of the several answers of the defendants present issues of fact as to the right of plaintiffs to inherit the land in controversy as heirs of Thomas Harrison, which must abide the determination of the court upon a further trial of the cause. The judgment of the trial court overruling said special demurrer is therefore reversed, and the cause remanded, with directions to sustain said demurrer, and grant defendants a new trial of the issues presented by the other paragraph of their answer.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. pp. 213, 219 §§ 440, 458; 31 C. J. p. 514.