### SWANSON et al. v. GREEN.

No. 12861—Opinion Filed May 19, 1925.

Rehearing Denied Sept. 8, 1925.

(Syllabus.)

**1. Indians—Inherited Lands—Alienation by Minor Heirs—Restrictions.**

Section 22 of the Act of April 26, 1906, operated as a partial removal of restrictions on alienation by minor Creek heirs of inherited lands, and made it possible for said minor heirs to alienate their inherited interest between April 26, 1906, and August 8, 1907, by joining in a conveyance with the adult heirs. The lands being otherwise restricted during this period by reason of the Supplemental Creek Agreement, the method of alienation provided by the Act of April 26, 1906, was exclusive during the period from April 26, 1906, to August 8, 1907, when the five-year restrictions provided by the Supplemental Creek Agreement terminated.

**2. Same—Sale by Guardian After Removal of Restrictions on Surplus.**

Upon the expiration of the five-year restriction period as provided by section 16 of the Supplemental Creek Agreement, surplus land of deceased Creek allottees was free from restrictions in the hands of minor heirs, and a guardian may sell the inherited interest of his ward through the proper probate court under proper probate procedure without joining in the sale with an adult.

**3. Same—Validity of Guardian's Deed.**

Record examined in instant case, and the time limitation upon the surplus allotment having expired before the probate sale, held, provisions of section 22 of Act of April 26, 1906, do not apply and guardian deed is valid.

Error from District Court, McIntosh County: Harve L. Melton, Judge.

Action by Stepney Green against C. L. Swanson and another. Judgment for plaintiff, and defendants bring error. Affirmed in part and reversed in part.

Leopold & Brett and Turner, Turner, Harley & Parris, for plaintiffs in error.

Britton H. Tabor, for defendant in error.

HUNT, J. C. L. Swanson and the Waddell Investment Company prosecute this appeal from the district court of McIntosh county, to reverse a judgment rendered against them in an action brought by Stepney Green. Stepney Green was a duly enrolled citizen of the Creek Nation of the one-half blood. His mother was one Martha Green, a citizen of the Creek Nation, who

died about 1901, after receiving her allotment as a citizen of said tribe. Stepney Green, the plaintiff herein, inherited an undivided half interest in his said mother's allotment. At the time of said inheritance, the plaintiff was a minor, and did not reach his majority until sometime shortly before the institution of this suit. He seeks to recover from the defendants, plaintiffs in error, the one-half interest he had inherited from his said mother in her individual allotment.

The conclusion and judgment of the trial court was based upon a stipulation as to the facts; the only part of which we deem material is, in substance, this: That the land involved was part of the allotment of Martha Green, mother of the plaintiff; that after receiving certificate of allotment, she departed this life July 1, 1901; that she left her husband, Davis Green, and the said plaintiff, each of whom inherited one-half of said land. That the plaintiff became of age on November 25, 1918; that Sarah Greenleaf was appointed guardian of said minor by the United States Court for the Western District for the Indian Territory, and that as a culmination of probate proceedings instituted prior to statehood in the said United States court, the county court of Muskogee county did on January 2, 1908, confirm a sale theretofore made by the guardian of Stepney Green on December 11, 1907, and direct said guardian to execute to Warren Mooney a deed conveying the interest of said minor in his said mother's allotment, through whom, by mesne conveyances, defendant Swanson claims title. That there was an adult heir, Davis Green, father of the plaintiff, but the said adult heir did not join in the deed of the minor, but had long theretofore conveyed his interest in said Martha Green's allotted land. That part of the land described as W. ½ of S. E. ¼, and S. E. ¼ of S. E. ¼, 24-12 N., 15 E. was allotted as the "surplus allotment" of Martha Green, and that the plaintiff claims to be the owner, as against the defendants, of an undivided half interest thereof.

On appeal, the defendants, who are plaintiffs in error here, contend that the judgment of the district court of McIntosh county quieting title to an undivided one-half interest in said surplus allotment in plaintiff is erroneous, in that it is contrary to law.

The only question here for decision is whether or not the probate proceedings, the regularity of which is not attacked, and the guardian deed, supra, growing out of the same, were effective to convey the interest

of the plaintiff in the inherited land vested in plaintiff on the death of his mother. The land was allotted under the Original Creek Agreement of 1901, as supplemented by the Act of Congress of June 30, 1902, familiarly known as the Supplemental Creek Agreement. These acts of Congress impose certain restrictions against alienation of lands allotted thereunder while in the hands of both the original allottee and as the heir. Section 16 of the Supplemental Creek Agreement (32 St. at L. 500) in effect imposes restrictions against alienation by the allottee and his heirs until the expiration of five years from the date of the approval of said agreement. The said agreement was approved August 8, 1902. This inhibition against alienation, therefore, expired August 8, 1907. But herein does not lie the only difficulty, for that on April 26, 1906, Congress passed an act which, among other things, provided:

"Sec. 22. Conveyance of Inherited Lands: That the adult heir of any deceased Indian of either of the Five Civilized Tribes whose selection has been made * * * may sell and convey the lands inherited from such decedent: and if there be both adult and minor heirs of such decedent, then such minors may join in a sale of such lands by a guardian duly appointed by the proper United States court for the Indian Territory. * * *"

It is the contention of the plaintiff that, since the sale here in question of the minor's interest was not one made along with the sale of the adult heir's interest, the attempted sale was in violation of this provision of the act of Congress, and therefore did not operate to convey title to the purchasers. This contention, as we view it, would no doubt have been correct had this sale through the probate court been made prior to August 8, 1907. The said section 22 was a removing provision, and not an extension of the inhibition against alienation of such lands.

This court in effect said as much in the case of Burtschi v. Wolfe, 82 Okla. 27, 198 Pac. 306; the exact language of said opinion relative thereto being:

"Obviously the primary purpose of the act was to remove restrictions from inherited lands."

The removal which this section 22 effectuated as to the land in question here was only to authorize its alienation when the provisions of said section 22 were met, and that only between April 26, 1906, and August 8, 1907, for that if said section 22 had never been enacted, the restriction against alienation of the interest of the minor through the

proper probate court would have ended, by reason of the said section 16 of the Supplemental Creek Agreement, on said August 8, 1907, and thereafter the courts in probate would have been free to handle the lands so inherited by the plaintiff from his mother in the same manner as if no restrictions against alienation had ever existed thereon.

Since after the termination of said restriction imposed by the Supplemental Agreement there were no federal inhibitions against alienation of the interest the minor inherited from his mother, and since said section 22 did not extend restrictions, the alienation through proper probate proceeding of the inherited interest of the plaintiff in the land of his mother was effective, and the provisions of said section 22 could have no application thereto.

We are therefore of the opinion that the only effect of section 22 of the Act of April 26, 1906, on the alienation of the land involved herein was to make it possible for the minor heir, the plaintiff herein, through his guardian to alienate his inherited interest prior to the expiration of the five-year restricted period by joining in a conveyance with the adult heirs. The land being restricted under the five-year restriction until August 8, 1907, section 22 of the Act of April 26, 1906, operated as a partial removal of the plaintiff's restrictions during the period between April 26, 1906, and August 8, 1907, the land being inalienable during that period but for the passage of the act and alienable during that period only by joining in with the adult heirs. It seems clear, then, that section 22 of the Act of April 26, 1906, was a removing act, and therefore did not extend or reimpose restrictions on plaintiff's inherited interest in his mother's allotment after August 8, 1907. This view is sustained by the holdings of this court in Burtschi v. Wolfe, supra. In that case, the court held that the separate sale of the homestead only was valid, but an examination of the record in that case discloses that the sale was had on the 18th day of June, 1907, which was prior to the termination of the five-year period in August, 1907, and same was therefore clearly void as to the surplus according to the acts of Congress applicable thereto. This view was likewise sustained in Patterson v. Carter, 83 Okla. 70, 200 Pac. 855, wherein the court stated:

"Of course, in this as well as the Burtschi Case it goes without saying that, if the time limitation upon the surplus expired prior to the probate proceedings, the surplus also would be free from restrictions, and the guardian's sale thereof would be valid."

It is clearly apparent from the record in the instant case that the time limitation upon the surplus expired prior to the probate proceedings, and the same would therefore be free from restrictions and the guardian sale thereof valid.

Defendant in error in his response filed herein to petition for rehearing of plaintiffs in error emphasized the fact that the lands herein involved were restricted both in the hands of the allottee and his heirs at the time of the passage of the Act of April 26, 1906, and states that if the Act of 1906 does not mean that where there are both minor and adult heirs the sale by the minors of their restricted interest must be in a joint sale with the adult heirs, then the provisions of section 22 as above set out "are rendered absolutely inoperative and declared to mean nothing." This conclusion is not at all warranted by our holding the guardian deed herein involved valid, for we do so only because, as above stated, this sale was had after the time limitation upon the surplus had expired. We agree with defendant in error that under section 22 of the Act of April 26, 1906, while the lands were under the restrictions which obtained at the time of the passage of the act, the same could not be alienated except in a joint sale with the adult heirs, this being the alienation specifically authorized by the act. As hereinbefore stated, said act operated to make it possible for the minor to sell at a time and during a period, by joining with the adult heirs, when otherwise he could not sell at all. We therefore give full force and effect to section 22 of the act rendering it operative as a removing provision, removing restrictions against alienation during a certain period under certain conditions, but not in any way extending restrictions or reimposing them beyond the original five-year limitation as contained in section 16 of the Supplemental Creek Agreement. To place the construction on said section 22 of the Act of April 26, 1906, as contended for by the defendant in error would be to hold that after the restrictions fell off in August, 1907, by reason of the expiration of the five-year limitation originally imposed, same were extended or reimposed by section 22 of the Act of April 26, 1906, from August, 1907, until the Act of May 27, 1908, became effective.

We do not think this conclusion justified by the terms of the said section 22 itself or by the holdings of this court in any of the cases cited by defendant in error when considered in connection with the facts in this case.

The judgment of the trial court as to the surplus allotment is therefore reversed and the cause remanded to the district court of McIntosh county, with directions to enter judgment for the defendants.

Defendant in error does not insist on his appeal from the order of the trial court holding the sale valid as to the homestead, and that part of the judgment of the district court of McIntosh county is therefore affirmed.

All the Justices concur.

Note.—See under (1) 31 C. J. p. 514. (2) 31 C. J. p. 514. (3) 31 C. J. p. 514.